**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-69-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| COLE YOUNG BAD HAWK, | |
| Defendant. | |

## I.  Synopsis

Defendant Cole Young Bad Hawk (Bad Hawk) has been accused of violating the conditions of his supervised release.  Bad Hawk admitted the alleged violation.  Bad Hawk's supervised release should be revoked.  Bad Hawk should be placed in custody for 5 months, with 15 months of supervised release to follow.  While on supervised release, Bad Hawk should participate in any sober living treatment program and any mental health treatment program recommended by his probation officer.

## II.  Status

Bad Hawk pleaded guilty to Domestic Abuse by a Habitual Offender on December 10, 2018.  (Doc. 26).  The Court sentenced Bad Hawk to 18 months of

custody, followed by 2 years of supervised release. (Doc. 37). Bad Hawk's current term of supervised release began on October 30, 2020. (Doc. 50 at 1).

**Petition**

The United States Probation Office filed a Petition on January 4, 2021, requesting that the Court revoke Bad Hawk's supervised release. (Doc. 50). The Petition alleged that Bad Hawk had violated the conditions of his supervised release by failing to successfully complete his 180-day term at a residential re-entry center.

**Initial appearance**

Bad Hawk appeared before the undersigned for his initial appearance on January 12, 2021. Bad Hawk was represented by counsel. Bad Hawk stated that he had read the petition and that he understood the allegations. Bad Hawk waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 12, 2021. Bad Hawk admitted that he had violated the conditions of his supervised release by failing to successfully complete his 180-day term at a residential re-entry center. The violation is serious and warrants revocation of Bad Hawk's supervised release.

2

Bad Hawk's violation is a Grade C violation. Bad Hawk's criminal history category is II. Bad Hawk's underlying offense is a Class C felony. Bad Hawk could be incarcerated for up to 24 months. Bad Hawk could be ordered to remain on supervised release for up to 20 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.   Analysis

Bad Hawk's supervised release should be revoked. Bad Hawk should be incarcerated for 5 months, with 15 months of supervised release to follow. This sentence is sufficient but not greater than necessary. While on supervised release, Bad Hawk should participate in any sober living treatment program and any mental health treatment program recommended by his probation officer.

### IV.   Conclusion

The Court informed Bad Hawk that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Bad Hawk of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bad Hawk that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>   That Cole Young Bad Hawk violated the conditions of his supervised
>   release by failing to successfully complete his 180-day term at a residential
>   re-entry center.

The Court **RECOMMENDS:**

>   That the District Court revoke Bad Hawk's supervised release
>   and commit Bad Hawk to the custody of the United States Bureau of
>   Prisons for 5 months, with 15 months of supervised release to follow.
>   While on supervised release, Bad Hawk should participate in any
>   sober living treatment program and any mental health treatment
>   program recommended by his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 13th day of January, 2021.


John Johnston
United States Magistrate Judge